

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2008

# Patel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2685

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Patel v. Atty Gen USA" (2008). *2008 Decisions.* Paper 628.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/628

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2685

AMRISHBHAI CHIMANBHAI PATEL;
MAYABEN AMRISHBHAI PATEL,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A73-575-122 & A97-436-283
on May 10, 2007
Immigration Judge: Daniel Meisner

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2008

Before: AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 22, 2008)

OPINION

PER CURIAM

Amrishbhai Chimanbhai Patel and his wife, Mayaben Amrishbhai Patel, both natives and citizens of India, petition for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's ("IJ") order of removal. For the reasons set forth below, we will deny the petition.

I.

The facts are well known to the parties and will not be repeated at length here. Mr. Patel arrived in the United States in the early 1990s without a valid entry document and was placed in removal proceedings upon service of a notice to appear on March 4, 2004. Patel's wife, who entered the United States in 1997 without a valid entry document, was also placed in removal proceedings. Mr. Patel filed an asylum application in 1994. After obtaining counsel, he withdrew the asylum application and applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). He claimed that he had established continuous physical presence in the United States for at least ten years, that he was of good moral character, that he had no criminal record, and that his deportation would constitute exceptional and extremely unusual hardship on his two minor, American-born children. Mrs. Patel applied for voluntary departure.

Upon completion of removal proceedings that occurred in 2005 and early 2006, the IJ pretermitted Mr. Patel's application for cancellation of removal, denied Mrs. Patel's

2

request for voluntary departure, and ordered that the couple be removed to India.[1]  The

Patels appealed to the BIA.  In May 2007, the BIA dismissed the appeal, adopting and

affirming the reasoning and conclusions of the IJ.

The Patels petition for review of the BIA's decision.  They argue that the IJ erred

in pretermitting Mr. Patel's application for cancellation of removal and in denying

voluntary departure for Mrs. Patel without a hearing.  They maintain that the IJ unduly

relied on Mr. Patel's asylum application, his I-765 application, and his G3-35A form

(referred to collectively as the "1994 applications") in making an adverse credibility

determination against him.  They also contend that the IJ should have heard testimony and

considered other evidence demonstrating that Mr. Patel's removal would cause extreme

hardship on the Patels' two American-born, minor children.

## II.

We have jurisdiction to review a final order of removal.  8 U.S.C. § 1252(a).

Where, as here, the BIA expressly adopts the IJ's decision and reasoning pursuant to

Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994), we review the decisions of both

the IJ and the BIA to determine whether the BIA's decision to defer to the IJ was

appropriate.  Shehu v. Gonzales, 482 F.3d 652, 657 (3d Cir. 2007).  We review the factual

findings of the IJ, including adverse credibility findings, for substantial evidence.

---

[1]  The IJ also denied voluntary departure for Mr. Patel, although there is nothing in the record to indicate that Mr. Patel requested it.

Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003). We will uphold the findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998) (internal quotations marks and citation omitted). Moreover, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

Substantial evidence supports the IJ's conclusion that Mr. Patel's testimony was not credible as to whether he had shown ten years of continuous presence in the United States.[2] The IJ correctly noted that Patel's 1994 applications, all of which were signed under penalty of perjury, state that he arrived in the United States on October 16, 1994. The 1994 applications, however, conflict with Patel's later application for cancellation of removal (also signed under penalty of perjury) and his sworn testimony at the hearing, which state that he entered the country on March 13, 1993.[3] Mr. Patel described the 1994 applications as "inaccurate," attributing the error to the fact that someone else prepared the applications for him. But the 1994 applications themselves were not co-signed by a

_____

[2] In addition to discrepancies in the documentary evidence and testimony pertaining to Patel's date of entry, the IJ also pointed to Patel's mis-representation in his 1994 applications that he was not married. In the cancellation of removal application upon which he now relies, Patel swore that he was married to his wife, Mayaben, in India in 1991.

[3] Patel withdrew his asylum application because it was inaccurate. But it appears that he did not withdraw or attempt to correct the I-765 application or the G3-35A form, even though they, too, recorded his date of entry as October 1994.

4

third party preparer.

In deciding that Mr. Patel's testimony was questionable, the IJ also pointed to the lack of record evidence corroborating Patel's assertion that he entered the country on March 13, 1993. As we have previously acknowledged, the IJ may require corroborating documentation even where an applicant is credible, and such corroboration is required "where it is reasonable to expect such proof from a witness and there is no satisfactory explanation for its absence." Obale v. Att'y Gen., 453 F.3d 151, 163 (3d Cir. 2006). Here, the IJ found that Patel had sufficient time (twenty-two months) to provide corroborating evidence supporting his claim of entry in March 1993, such as a letter from one of the friends with whom he shared a room in 1993, employment papers, or utility and phone bills. Mr. Patel offered no excuse for failing to provide such documentation. The IJ rejected Mr. Patel's tax returns for tax years 2004, 2005, and 2006, because they had all been completed in 2005 or 2006, and thus, were not probative of his date of entry.[4] Although Patel testified that he was fingerprinted when he entered the country in March 1993, he also testified that he used a different name that he no longer remembered.[5]

---

[4] It appears that, even if Patel had filed his tax returns at the appropriate time each year, the evidence tended to show that he arrived in the country in 1994 at the earliest, the first tax year for which he submitted a return.

[5] The IJ also noted that Patel acknowledged that his children received Medicaid from 1998 to 2000 and from 2004 "to the present" in his cancellation of removal application, but failed to provide any information about his assets in the United States. Moreover, the IJ observed that Patel completed a labor certification that was filed in 2001, stating that he was qualified as a chef, yet there was no record evidence that he held such a qualification. Patel argues that he should have had an opportunity to explain these

Without that name, the government could not verify when Patel's fingerprints were entered into their database. We conclude that the inconsistencies between the 1994 applications and Mr. Patel's sworn testimony, alone, support the IJ's adverse credibility determination as to Mr. Patel. Moreover, the lack of any record evidence corroborating Mr. Patel's asserted date of entry in March 1993 convinces us that a reasonable adjudicator would not be compelled to conclude that Mr. Patel's testimony was credible.

Substantial evidence thus supports the IJ's decision to pretermit Patel's application for cancellation of removal, on the basis that Patel failed to satisfy his burden of showing continuous physical presence in the United States for ten years prior to the date upon which he was served with a notice to appear, pursuant to 8 U.S.C. §§ 1229b(b)(1) and 1229b(d). Because Patel failed to show ten years of continuous physical presence, further testimony regarding the extreme hardship prong, however compelling it might have been, or on his good moral character, would not have changed the result.

### III.

Mayaben Patel challenges the IJ's denial of her request for voluntary departure. We lack jurisdiction over this claim because it does not involve "constitutional claims or questions of law." *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (a)(2)(D).

Accordingly, we will deny the petition for review filed by Amrishbhai and Mayaben Patel.

---

discrepancies. This argument is misplaced, as the discrepancies go to Patel's good moral character and are not probative of whether Patel satisfied the continual presence standard for cancellation of removal.

6